IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TARA HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24 C 9646 |
| | ) | |
| BUEHLER MOVING AND STORAGE, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON PLAINTIFF'S MOTION TO VACATE JUDGMENT

In October 2024, Tara Hudson filed a *pro se* lawsuit against her former employer Buehler Moving Companies. Ms. Hudson alleged discrimination based on her race (Black) and gender (female) and retaliation for complaining about discrimination, and she also asserted a claim for discrimination based on her former military service. In the space provided on the court-supplied form for a complaint of employment discrimination, Ms. Hudson stated that she had received a notice of right to sue from the EEOC on June 28, 2024. Her complaint in this case was filed by the Clerk on October 7, 2024, about 10 days beyond the 90-day deadline after receipt of the EEOC notice for filing a lawsuit under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-5(f)(1).

Buehler moved to dismiss or to require a more definite statement of Ms. Hudson's claims. Buehler argued that Ms. Hudson's discrimination and retaliation claims were untimely because she had not filed suit within 90 days after receipt of the EEOC notice of right to sue; her USERRA claim was deficient; and her complaint was

vague and confusing and did not clearly spell out how Ms. Hudson contended Buehler had violated the law.

The Court held a telephonic hearing on June 12, 2025. During the hearing, the Court attempted to clarify whether October 7, 2024 was the date the EEOC *sent* the notice of right to sue, or the date Ms. Hudson *received* it. The Court did this because it knows from experience that *pro se* litigants commonly fill in the "received" blank on the *pro se* complaint form by using the date that appears on the EEOC notice, which is the date the EEOC sent the notice, not, typically, the date the claimant received it. When asked during the hearing, Ms. Hudson did not recall the date on the notice but said she believed she had received the notice by mail. At the conclusion of the hearing and in the order entered after the hearing ended, the Court directed Ms. Hudson to file the notice with the Clerk so that the Court could get to the bottom of the issue.

Ms. Hudson then filed a partial response to Buehler's motion to dismiss. She contended that she had sent her complaint to the Clerk via the online *pro se* filing portal within 90 days after she received the EEOC's notice of right to sue, but the Clerk did not accept the filing, so she refiled the complaint a few days later. Ms. Hudson's submission also attached the EEOC notice of right to sue, which had been *issued* on June 28, 2024, making it nearly impossible for Ms. Hudson to have received it on that same date.

The Court held another telephonic hearing on July 28, 2025. During the hearing, the Court indicated that Ms. Hudson's submission likely showed the existence of a factual dispute that precluded—at least on a motion to dismiss—finding her Title VII claims to have been filed too late. The Court then brought up Buehler's argument that

2

the complaint was so vague that it was hard to tell what Ms. Hudson claimed Buehler had done or failed to do. The Court, after inquiring about Ms. Hudson's efforts to retain counsel, suggested that she consider filing a motion to appoint counsel and directed the Clerk to send her the necessary forms for such a motion. The Court continued Buehler's motion to dismiss to August 21, 2025.

Ms. Hudson did not file a motion to appoint counsel. At the telephonic hearing on August 21, 2025, she advised the Court that she did not want counsel appointed and wished to continue to proceed *pro se*. Ms. Hudson also said she was working on an amended complaint and asked for another week to file it.

The Court gave Ms. Hudson until August 29 to file an amended complaint (as she had requested), gave Buehler until September 19 to file a response, and set the case for a telephonic hearing for September 30. But Ms. Hudson did not file an amended complaint within the time the Court had allotted and did not request an extension of time. And she failed to appear for the September 30 hearing. On that date, the Court directed the entry of judgment dismissing the case for want of prosecution.

On October 12, 2025, Ms. Hudson filed a motion to vacate the judgment. She said that she had missed the September 30 hearing date because she had written down the date wrong. She also said that she had completed a proposed amended complaint. Ms. Hudson filed her proposed amended complaint the next day. Unfortunately, the proposed amended complaint is at the opposite extreme from the bare-bones original complaint she had filed. Specifically, it is 51 pages long, plus 90 exhibits, and it contains—literally—a day-by-day narrative of Ms. Hudson's experiences working for Buehler from June through November 2023.

3

The proposed amended complaint is essentially the opposite of the "short and plain statement of the claim showing that the pleader is entitled to relief" called for by Federal Rule of Civil Procedure 8(a)(2). The Court has nonetheless worked its way through the amended complaint to attempt to determine whether Ms. Hudson should be permitted to file it and proceed with her case. More specifically, the Court has reviewed the proposed amended complaint under 28 U.S.C. §1915(e)(2) to determine if it is frivolous or fails to state a claim upon which relief may be granted.

**1.     Proposed new defendants**

Ms. Hudson proposes to add four new defendants besides Buehler: Finkbiner Transfer & Storage Co.; Arrow Moving & Storage Co.; Armstrong Transfer & Storage; and New Prime Inc. However, the statutes under which Ms. Buehler has sued in her proposed amended complaint—Title VII of the Civil Rights Act of 1964, the Equal Pay Act; the Fair Labor Standards Act; the Uniformed Services Employment and Reemployment Rights Act; and the Illinois Human Rights Act—all impose prohibitions upon "employers." *See* 42 U.S.C. § 2000e-2(a) (Title VII); 29 U.S.C. § 206(d)(1) (Equal Pay Act); 29 U.S.C. § 206(a) (FLSA); 38 U.S.C. § 4311 (USERRA); 775 ILCS 5/2-102(a) (IHRA). Ms. Hudson does not contend that Finkbiner, Arrow, or Armstrong were ever her employer. Rather, she alleges that they owned or operated warehouses where she picked up or dropped off shipments that she was hauling and that she experienced harassment or other misconduct from the workers at these locations. Ms. Hudson does not have viable claims against these non-employers under Title VII or the other statutes referenced in her amended complaint. Nor does she allege any basis upon which Buehler is appropriately held responsible for the conduct of the employees of these

other entities.

The fourth proposed new defendant, New Prime, *was* a former employer of Ms. Hudson. Her claim against New Prime in the proposed amended complaint appears to be that when she applied to Buehler in May 2023 and made inquiries to past employers, New Prime made false statements about her, which put her offer of employment from Buehler "in jeopardy of being rescinded." Proposed Am. Compl., p. 2. Ms. Hudson alleges that New Prime did this in retaliation for a complaint of race and sex discrimination that she asserted against New Prime in 2019. The Court notes that Ms. Hudson does not allege that New Prime's alleged retaliation led Buehler to *actually* rescind its offer, so it's not apparent that she suffered any actual injury from the alleged retaliation. That aside, although Title VII does permit a claim against a former employer for post-employment retaliation, *see, e.g., Ruedlinger v. Jarrett*, 106 F.3d 212, 217 (7th Cir. 1997), Ms. Hudson does not appear to have filed an EEOC charge regarding this alleged retaliation by New Prime—and it is too late for her to do so now, as an EEOC charge must be filed within 300 days of the conduct complained of. *See* 42 U.S.C. § 2000e-5(e)(1). In short, any retaliation claim against New Prime is subject to dismissal for failure to exhaust administrative remedies.

In sum, Ms. Hudson's proposed amended complaint does not provide any basis for her to add new defendants in addition to Buehler.

**2.    Claims against Buehler**

This leaves Ms. Hudson's claims against Buehler that she asserts in the amended complaint. As the Court has stated, the amended complaint is 51 pages long and, in large part, consists of a day-by-day summary of Ms. Hudson's experiences while

5

working for Buehler.  She also attaches 90—that's right, 90—exhibits.  Toward the end of the proposed amended complaint, Ms. Hudson lists her claims:

- discrimination and harassment based on her previous military status;

- wage discrimination based on her gender, and "non-sexual third-party harassment";

- discrimination and degradation based on her race;

- verbal and physical sexual harassment;

- a hostile work environment based on her marital status;

- retaliation by New Prime for her 2019 complaint regarding gender and race discrimination.

First of all, the retaliation by New Prime does not permit imposition of liability on Buehler.  Second, the "third-party harassment" that Ms. Hudson alleges—largely by employees of other entities, at locations where she was picking up or dropping off shipments—is not legally attributable to Buehler either.  There are circumstances where an employer may be liable under Title VII for sexual or racial harassment by its own employees who were co-workers of the plaintiff, *see generally Burlington Inds., Inc. v. Ellerth*, 524 U.S. 742 (1998), but there is no basis to impose liability upon Buehler for the acts of employees of other companies.

Third, the amended complaint does not state a viable USERRA claim against Buehler.  There is no allegation in the amended complaint, at least none the Court can find, that indicates that anyone *with Buehler* harassed Ms. Hudson, discriminated against her, or otherwise subjected her to differential treatment based on her prior military status.

The fourth and equally important problem with the amended complaint involves its prolix and discursive nature—including, in particular, the day-by-day narrative that it includes. One can't tell from the amended complaint how any particular day's events fit into Ms. Hudson's claims against Buehler. That is the problem when a plaintiff does not provide a "short and plain statement" of the plaintiff's claims: it's impossible to tell what goes where. After reading the narrative, one is left wondering what Ms. Hudson contends *Buehler* did that violated her rights under any of the cited statutes. The proposed amended complaint is subject to dismissal on this basis alone. *See, e.g., Cable v. Kurray Am., Inc.*, No. 24-1244, 2024 WL 4499766, at *2 (7th Cir. Oct. 16, 2024) (collecting cases).

For these reasons, the Court enters and continues Ms. Hudson's motion to vacate the judgment against her (dkt. no. 33) but denies her request to file her proposed first amended complaint. The Court will give Ms. Hudson one final chance—one—to get a viable proposed second amended complaint on file. Ms. Hudson has three weeks to file the second amended complaint, until January 20, 2026. The proposed second amended complaint may not include claims against defendants other than Buehler; it may not include claims based on alleged "third party harassment" not involving Buehler personnel; and it should not include a day-by-day narrative of events. In addition, the proposed second amended complaint needs to spell out clearly, for each of the statutory violations that Ms. Hudson alleges:

- when each act alleged to have violated the law took place;

- who on the part of Buehler was involved; and

- exactly what Buehler or its employees did that Ms. Hudson alleges violated her

7

rights.

If Ms. Hudson's proposed second amended complaint does not comply with these requirements, the Court will deny leave to file the amended complaint and will deny her motion to vacate the judgment. The Court sets the case for a telephonic status hearing on January 27, 2026 at 8:45 a.m., using call-in number 650-479-3207, access code 2305-915-8729. The Court reserves the right to vacate the hearing if it determines a hearing is not needed.

Date: December 27, 2025

_____
MATTHEW F. KENNELLY
United States District Judge

,